# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DAVID DORVILIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:08-cv-681-WTL-TAB |
| | ) | |
| CEVA LOGITIC, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Discussing Motion for Summary Judgment

David Dorvilier brings this lawsuit against CEVA Logistics U.S., Inc. ("CEVA") alleging race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq.* CEVA moves for summary judgment.

For the reasons explained in this Entry, CEVA's motion for summary judgment must be **granted.**

## Summary Judgment Standard

The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998).

CEVA's motion for summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting FED.R.CIV.P. 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). Once a party has made a properly supported motion for summary judgment, the nonmoving party bears the burden of demonstrating that

such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). Dorvillier has not done so in this case.[1]

## Discussion

Title VII prohibits employers from discriminating against individuals on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). A plaintiff in a Title VII case may proceed under a direct or indirect method of proof." *Butts v. Aurora Health Care*, 387 F.3d 921, 924 (7th Cir. 2004) (citing *Mateu-Anderegg v. School Dist.,* 304 F.3d 618, 623 (7th Cir. 2002)). Because Dorvilier has come forward with no direct evidence of discrimination, CEVA's motion for summary judgment is assessed under the burden-shifting methodology established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). "Under the *McDonnell Douglas* scheme, the plaintiff bears the initial burden of establishing a *prima facie* case." *Ballance v. City of Springfield,* 424 F.3d 614, 617 (7th Cir. 2005)(citing cases). For Dorvilier to successfully set forth a *prima facie* case of discriminatory termination, he must show: "first that he is a member of a protected class; second that he was meeting his employer's legitimate performance expectations; third, that he suffered an adverse employment action; and fourth, that he was treated less favorably than similarly situated individuals who are not members of his protected class." *Id.*

Dorvilier satisfies two prongs of the *prima facie* case–the first prong is established because, as an African-American, he is a member of a protected class, and the third prong is satisfied because the parties agree that he was terminated from his position with CEVA. Dorvilier has failed, however, to meet the second and fourth requirements of the *McDonnell-Douglas* test. With respect to the second requirement, Dorvilier has admitted that he was not meeting CEVA's legitimate expectations as his employer. With respect to the fourth requirement, he has admitted that he can identify no similarly situated employee outside his protected class who was treated more favorably than him with respect to the terms and conditions of his employment with CEVA.

Failing to meet his burden as to two elements, Dorvilier has failed to establish a *prima facie* case of employment discrimination. "Without a *prima facie* case, the plaintiff cannot withstand summary judgment." *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993)(citing *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1250 (7th Cir. 1990)).

---

[1]CEVA supports its motion for summary judgment with Rule 36 admissions to which Dorvilier failed to timely respond. *See Gabbanelli Accordions & Imports, LLC v. Gabbanelli*, 575 F.3d 693, 696 (7th Cir. 2009); *In re Heritage Bond Litigation*, 220 F.R.D. 624 (C.D.Cal. 2004) (where defendant responded twelve days late to class plaintiffs' first set of requests for admissions, the requests for admissions would be deemed admitted). Even if responses to the requests for admission had been served on counsel for the defendant on September 28, 2009, as Dorvilier appears to argue, this response was not timely because the requests for admission were served on Dorvilier by mail on August 6, 2009 and his responses were therefore due by September 8, 2009, nearly three full weeks before he claims he served his responses.

**Conclusion**

Based on the foregoing, CEVA has met its burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The entry of summary judgment under these circumstances is mandatory. *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008)("When the moving party has met the standard of Rule 56, summary judgment is mandatory.")(citing cases). CEVA's motion for summary judgment (dkt 27) is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/24/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana